IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL MCKENNA, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 09-5801 |
| | : | |
| STEVAN KIP PORTMAN, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                        February 8, 2013

Plaintiffs Michael McKenna and Blue Marsh Laboratories, Inc. (collectively "Plaintiffs") brought this suit against several Defendants[1] pursuant to 42 U.S.C. § 1983 alleging violations of their Fourth, Fifth, and Fourteenth Amendment rights. Defendants have filed a motion to dismiss Plaintiffs' Amended Complaint. For the reasons that follow, Defendants' motion will be granted, and the Amended Complaint will be dismissed.

**FACTS**[2]

McKenna was the sole owner of Blue Marsh Laboratories, Inc., a commercial laboratory regulated by the Pennsylvania Department of Environmental Protection (DEP). Beginning in 2005, the DEP suspended several of Blue Marsh's licenses allowing it to test water and perform other commercial functions. The DEP conducted a series of unannounced inspections of Blue Marsh's facilities, requested additional documentation and reports, and required Blue Marsh to sign a consent order to remain in business.[3] McKenna, on behalf of Blue Marsh, successfully

---

[1] Plaintiffs name as defendants the following individuals: Stevan Kip Portman; Donald Hentz, Jr.; Paul Zimmerer; Aaren S. Alger; Ronald Houck; Michael A. Staub; Jane Doe; and John Doe.

[2] This Court accepts as true the facts alleged in the Amended Complaint for the purpose of ruling on Defendants' motion to dismiss. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007). However, the Court recognizes that the underlying criminal charges and the federal and state court rulings may have some bearing on the validity of the allegations.

[3] Plaintiffs claim these requirements were arbitrary and capricious and other licensed laboratories were not treated in a similar fashion.

appealed two of DEP's accreditation suspensions to the Pennsylvania Environmental Protection Board. As a result, the suspensions were withdrawn and the accreditations were reinstated.

In 2007, Austin James Associates, Inc., one of Blue Marsh's longtime customers, informed McKenna that a DEP agent advised it to use a laboratory other than Blue Marsh for testing sample products. On the agent's advice, Austin discontinued its use of Blue Marsh's facilities. McKenna learned that a DEP agent similarly advised other Blue Marsh customers. Plaintiffs contend Defendants were determined to drive Plaintiffs out of business and take its property without just compensation.

Plaintiffs allege "Defendants," on or about January 9, 2008, conspired to execute a search warrant on Blue Marsh's premises. Plaintiffs refer to the Defendants collectively without specifying which Defendant took what action during the search. During the course of the search, a police officer detained and arrested McKenna. McKenna was held in the men's room in Blue Marsh and prevented from leaving the premises from 10:00 a.m. to approximately 8:00 p.m. During his arrest, police interrogated McKenna without providing him with *Miranda* warnings. Defendants removed approximately 68 boxes of records, including legal files, customer lists, and customers' addresses. Defendants also removed all of Plaintiffs' computers and server hard drives,[4] destroying two hard drives in the process. Defendant Portman informed McKenna that the time it would take to return Plaintiffs' property would depend on whether or not McKenna cooperated. After the search, Blue Marsh was unable to function because records essential to its business had been seized, including information pertaining to chemical testimony and chain of custody.

---

[4] Plaintiffs use the terms "computers," "hard drives," "servers," "computer hard drives," and "server hard drives" interchangeably.

In May 2008, Plaintiffs' computer hard drives and two servers were returned to Plaintiffs in damaged condition. Plaintiffs incurred additional time and expense in hiring an expert to re-install the hard drives and repair the servers. Blue Marsh was unable to continue to function as a business even after the return of the materials. Blue Marsh lost all value, and McKenna lost his job as President of Blue Marsh.

On December 7, 2009, Plaintiffs filed a Complaint against Defendants pursuant to 42 U.S.C. § 1983. On May 5, 2010, Plaintiffs filed an Amended Complaint. While the Amended Complaint does not include specific counts, Plaintiffs allege claims for illegal seizure, unlawful arrest, unlawful taking of property without just compensation, and lack of due process.[5] Defendants collectively filed a motion to dismiss the Amended Complaint on June 21, 2010, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

On February 10, 2011, this Court stayed the case pending resolution of underlying federal and state criminal charges against McKenna and ordered the parties to submit periodic status reports. Following notification that McKenna's federal case was at the sentencing phase and the state case was scheduled for disposition, the Court removed the case from suspense on September 6, 2012. After a conference, the Court ordered the parties to submit supplemental briefs addressing Defendants' motion to dismiss.

**DISCUSSION**

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "need only

---

[5] Plaintiffs also refer to their First and Sixth Amendment rights, but do not allege any facts in support of such constitutional violations.

3

put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotation marks and citation omitted). The court must first determine the factual and legal elements of the claim and "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. The court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679). In other words, a complaint must do more than allege the plaintiff's entitlement to relief; rather it has to "show" such an entitlement with facts. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Twombly,* 550 U.S. at 556 n.3).

Based upon the disposition of the underlying criminal proceedings, the parties agree Plaintiffs' only remaining claims in the instant case are their Fifth and Fourteenth Amendment claims.[6] Thus, the Court will grant as unopposed Defendants' motion to dismiss as to all other claims asserted in Plaintiff's Amended Complaint.

Section 1983 does not create substantive rights; rather, it is a method by which federal rights may be vindicated.[7] *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n.9 (1999)

---

[6] In their supplemental brief, Plaintiffs only oppose the dismissal of their Fifth and Fourteenth Amendment claims and essentially concede all remaining claims. Plaintiffs explain, "[w]hile the criminal proceedings against Mr. McKenna as defendant may have mooted a part of the civil rights complaint filed by plaintiffs, the Fifth and Fourteenth Amendment rights raised by plaintiffs present viable causes of action against the defendants." Pls.' Letter Br. 1-2, Nov. 2, 2012. Plaintiffs also conclude their letter brief by stating, "[i]t remains the position of the plaintiffs that the Fifth and Fourteenth Amendments guaranteeing their property should not be taken without due process of law allow them to proceed with the instant litigation." *Id.* at 2.

[7] Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

(citation omitted). A plaintiff asserting a Section 1983 claim must demonstrate (1) a violation of a federal right or law of the United States, and (2) the deprivation was committed by a person acting under color of state law. *Lomax v. U.S. Senate Armed Forces Serv. Comm.*, 454 F. App'x. 93, 95 (3d Cir. 2011) (citing *West v. Atkins,* 487 U.S. 42, 48 (1988)). Courts evaluating a § 1983 claim must first identify the contours of the underlying constitutional right allegedly violated, and then determine whether the plaintiff sufficiently alleged a deprivation of that right. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).

Here, Plaintiffs allege violations of their right to be free from unlawful takings and their right to due process under the Fifth and Fourteenth Amendments. The Fifth Amendment Takings Clause prohibits the federal government from taking private property for public use without providing just compensation. U.S. Const. amend. V. "The Takings Clause applies to state action through the Fourteenth Amendment." *Am. Exp. Travel Related Serv., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 370 (3d Cir. 2012) (citing *Webb's Fabulous Pharm., Inc. v. Beckwith*, 449 U.S. 155, 160 (1980)). "[W]hen property has been seized pursuant to the criminal laws such deprivations are not 'takings' justifying compensation." *Allen v. Dist. Att'y's Office of Phila.*, 644 F. Supp. 2d 600, 607 n.4 (E.D. Pa. 2009) (quoting *Bennis v. Michigan*, 516 U.S. 442, 452-53 (1996)). Thus, there is no Fifth Amendment taking claim for items seized pursuant to a valid search warrant. *See Abdullah v. Fetrow*, No. 1:05-cv-1135, 2007 WL 2844960, at *11 (M.D. Pa. Sept. 26, 2007) (ruling the seizure of plaintiff's property pursuant to a search warrant did not give rise to a takings claim contemplated by the Fifth Amendment.); *Watson v. Abington*

---

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

*Twp.*, No. 01-5501, 2002 WL 32351171, at *4-5 (E.D. Pa. Aug. 15, 2002) (noting plaintiffs did not have a claim under the Takings Clause where defendants were lawfully seizing property pursuant to a valid search warrant as a part of a criminal investigation). Items seized pursuant to a search warrant and the government's police power are not seized for "public use" and therefore do not constitute a taking under the Fifth Amendment. *Abdullah*, 2007 WL 2844960, at *11 (quoting *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1332 (Fed. Cir. 2006)).

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Thus, it does not prohibit all deprivations of liberty, only those deprivations without due process. *See Baker v. McCollan*, 443 U.S. 137, 145 (1979). A due process violation "is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).

Having considered the scope of the relevant Fifth and Fourteenth Amendment rights, the Court must next determine whether Plaintiffs allege a plausible claim for deprivation of these rights. Defendants challenge the sufficiency of Plaintiffs' allegations. They argue Plaintiffs do not identify which, if any, of the Defendants took Plaintiffs' property or committed any of the alleged conduct. The Amended Complaint does not identify the person responsible for deterring customers from conducting business with Blue Marsh, and does not identify which Defendant participated in the search and seizure of Plaintiffs' property. Defendants further argue Plaintiffs fail to state a claim because the Amended Complaint describes the exercise of police power under the authority of a search warrant for the public benefit. Therefore, there was no taking under the Fifth Amendment or violation of due process under the Fourteenth Amendment.

As Plaintiffs are asserting a § 1983 claim, they must establish they were deprived of their Fifth and Fourteenth Amendment rights by a person acting under color of state law. *See Lomax*,

454 F. App'x at 95. As Defendants note, Plaintiffs do not allege which Defendant committed the alleged constitutional violations with regard to DEP's regulation of Blue Marsh or which Defendants participated in the search and seizure of Plaintiffs' property. Plaintiffs also fail to specify if Defendants were employed by a government agency and, if so, which agency. Plaintiffs do not provide the professional titles or positions held by these individuals, or identify whether they were police officers or employees of the DEP. Thus, the Court cannot determined whether Defendants were acting under color of state law. Plaintiffs' allegations fail to satisfy the federal pleading standard.

The Court also finds Plaintiffs fail to adequately allege a plausible takings claim. First, Plaintiffs fail to sufficiently allege the property was taken by the state, because they have not specified any state actors. *See Am. Exp. Travel Related Serv., Inc.*, 669 F.3d at 370. Second, Plaintiffs property was not taken for public use; rather, it was seized as part of a criminal investigation pursuant to a search warrant. *See Abdullah*, 2007 WL 2844960, at *11 (holding items seized pursuant to a search warrant cannot support a takings claim). Therefore, Plaintiffs cannot establish an unconstitutional taking.

Plaintiffs also fail to allege a plausible due process claim. Courts have held that the Constitution usually requires some type of hearing before the state deprives a person of property. *Zinermon*, 494 U.S. at 127. However, a postdeprivation hearing or common-law tort remedy for erroneous deprivation may also satisfy the Fourteenth Amendment due process requirement. *Id.* "[T]o determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of

effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." *Id.* at 126.

Pennsylvania provides a process for individuals to challenge a seizure of property and seek its return. Pennsylvania Rule of Criminal Procedure 588(A) provides for the return of property seized pursuant to a search warrant. The statute states:

> A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. Such motion shall be filed in the Court of Common Pleas for the judicial district in which the property was seized.

Pa. R. Crim. P. 588(A). As Plaintiffs fail to allege they took advantage of the available remedy in Pennsylvania or that this remedy was inadequate, they may not successfully allege a due process violation. *See Zinermon*, 494 U.S. at 126. Plaintiffs contend Defendants failed to return their property despite an order from the state court to do so. The Court, however, again finds Plaintiffs' allegations are deficient because they do not challenge the process that was provided, rather they claim individuals failed to comply with the process. This Court also finds Plaintiffs fail to sufficiently allege a due process claim for damage to Plaintiffs' reputations because Plaintiffs do not specify which Defendant informed customers not to seek testing at Blue Marsh.

For the reasons stated above, Plaintiffs' Amended Complaint will be dismissed against all Defendants. Because Plaintiffs have already submitted an Amended Complaint and were allowed an opportunity to submit additional briefing on the motion to dismiss, the Amended Complaint will be dismissed with prejudice.

An appropriate order follows.

BY THE COURT:

　/s/ Juan R. Sánchez　
Juan R. Sánchez, J.